IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES D. IZAC, JR.,

        Petitioner,

v.                                                                      Civil Action No. 3:11-cv-50
                                                                        Criminal Action No. 3:02-cr-58
UNITED STATES OF AMERICA,                              (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
28 U.S.C. § 2255
THAT THIRD OR SUCCESSIVE PETITION
BE DENIED**

**I.  PROCEDURAL HISTORY**

On June 27, 2011, the *pro se* petitioner, Charles D. Izac, filed a Motion Under 28 U.S.C.

§2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]  The

respondent was not ordered to answer the motion.

This matter is pending before me for initial review and report and recommendation

pursuant to LR PL P 83.09.

**II.  FACTS**

**A.     Conviction**

On June 10, 2003, the petitioner entered a signed a plea agreement by which he agreed to

plead guilty to Count One of the Indictment, being a convicted felon in possession of a firearm,

in violation of Title 18 U.S.C. §§922(g)(1) and 924(e)(1).[2]  The petitioner's plea hearing was

---

[1] Dkt. No. 169-1.

[2] Dkt. No. 59.

held June 3, 2003.[3]

**B.     Sentencing**

On October 21, 2003, the Court sentenced the petitioner to imprisonment for one hundred eighty months on Count One of the Indictment.[4]

**C.     First Appeal**

Also on October 21, 2003, the petitioner filed notice of appeal.[5]  By decision dated May 18, 2005, the Fourth Circuit Court of Appeals vacated the judgment of the District Court and remanded the case to the District Court, finding the plea to be improper, because it was conditioned on the petitioner's right to appeal the trial court's ruling on the availability and scope of the justification defense at trial.  On remand, the petitioner was convicted by jury of Count One of the Indictment on December 20, 2005.[6]  On April 18, 2006, the petitioner was sentenced to one hundred eighty months imprisonment and five years of supervised release.[7]

**D.     Second Appeal**

The petitioner filed notice of appeal of the April 18, 2006 judgment on April 24, 2006.[8]  On July 11, 2007, the Fourth Circuit issued its decision, affirming the District Court by unpublished *per curiam* opinion.[9]  The Fourth Circuit entered its formal mandate August 6,

---

[3] Dkt. No. 66.

[4] Dkt. No. 71.

[5] Dkt. No. 68.

[6] Dkt. No. 107.

[7] Dkt. No. 122.

[8] Dkt. No. 124.

[9] Dkt. No. 133.

2007.[10]

**E.      Federal Habeas Corpus**

The petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on May 28, 2008.[11]  Additionally, the petitioner filed another Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on June 9, 2008.[12]  The petitioner had petitioned the Fourth Circuit for permission to file a Second or Successive Application for Relief Under 28 U.S.C. §2255, but without a response from the Fourth Circuit, he filed a Second Motion under §2255 on June 9, 2008.  Both of these motions were denied on September 11, 2008.[13]  By Order dated June 13, 2008, the Fourth Circuit denied the petitioner's Motion to File a Second or Successive Application for Relief Under 28 U.S.C. §2255, noting that because the petitioner's initial §2255 was pending, leave to file a second or successive motion would be premature.[14]

**F.      Appeal of Second §2255 Motion**

Petitioner filed a notice of appeal of the denial of his §2255 motion in the Fourth Circuit Court of Appeals on November 5, 2008.[15]  The Court of Appeals dismissed petitioner's appeal on March 23, 2009 because he did not make the requisite showing of a denial of a constitutional

---

[10] Dkt. No. 135.

[11] Dkt. No. 136.

[12] Dkt. No. 141.

[13] Dkt. No. 155.

[14] Dkt. No. 142.

[15] Dkt. No. 156.

right.[16]  The Fourth Circuit issued its formal mandate May 15, 2009.[17]

The petitioner filed his third Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on June 27, 2011.[18]

## G.    Recommendation

Based upon a review of the record, I recommend the petitioner's §2255 motion be **DENIED** and **DISMISSED** from the docket for lack of jurisdiction because it is a third and successive motion and the petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file a successive §2255 motion.

## III.  ANALYSIS

Section 2255 provides as follows regarding a successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).  The petitioner's first

---

[16] Dkt. No. 164-1.

[17] Dkt. No. 166.

[18] Dkt. No. 169.

§2255 motion was considered and dismissed on the merits.  Accordingly, the undersigned finds

the petitioner's current §2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to

file his successive §2255 motion in this Court.  Therefore, pursuant to 28 U.S.C. §2244 and 28

U.S.C. §2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack

of jurisdiction.

Consequently, I recommend the Petitioner's §2255 motion to be denied with prejudice for

lack of jurisdiction.

## IV.  RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING WITH**

**PREJUDICE** the petitioner's motion and dismissing the case from the docket for lack of

jurisdiction because his motion is a third and successive motion and he has not received

authorization from the Fourth Circuit Court of Appeals to file a successive §2255 motion.

Any party may file within fourteen (14) days after being served with a copy of this

Recommendation with the Clerk of the Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections.  A copy of

such objection should also be submitted to the Honorable John P. Bailey, United States District

Judge.  Failure to timely file objections to the Recommendation set forth above will result in

waiver of the right to appeal from a judgment of this Court based upon such Recommendation.

28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841

(4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S.

1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to

the *pro se* petitioner by certified mail, return receipt requested, to his last known address as

reflected on the docket sheet.

DATED: July 19, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE