IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES D. IZAC,**

       Petitioner,

v.                                         **CIVIL ACTION NO. 3:11-CV-50**
                                               **CRIMINAL ACTION NO. 3:02-CR-58**
                                               **(BAILEY)**

**UNITED STATES OF AMERICA,**

       Respondent.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

**I.**      **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert.  By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R").  Magistrate Judge Seibert filed his R&R [Doc.174] on July 19, 2011.  In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2255 motion as an unauthorized successive petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that the petitioner accepted service on July 22, 2011 [Doc. 175]. The petitioner timely filed his objections on August 3, 2011 [Doc. 176]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

**II.     Factual and Procedural History**

    **A.     Indictment through Direct Appeal**

On December 4, 2002, the petitioner was named in a one-count Indictment charging him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), alleging that the petitioner had six prior felony convictions, including three separate burglaries and three felonies arising from a single criminal episode (two counts of attempt to injure a correctional officer and one count of possession of weapon by inmate) [Doc. 1].[1] On March 4, 2003, the Government moved to prohibit the petitioner from introducing a justification defense at trial [Doc. 28]. The trial court initially denied the motion. The

---

[1] The Indictment was superseded on February 4, 2003, but only to amend the date of the offense charged, from November 21, 2001, to November 7, 2001 [Doc. 20].

Government later renewed its motion, and after conducting a hearing the trial court ruled that the petitioner did not meet the standard of proof required to present a justification defense.

On June 10, 2003, the petitioner entered a guilty plea pursuant to a written plea agreement, which was conditioned on his right to appeal the trial court's ruling on the availability and scope of the justification defense at trial [Docs. 59 & 61]. On October 21, 2003, the petitioner was sentenced to 180 months imprisonment after being characterized as an armed career criminal pursuant to U.S.S.G. § 4B1.4, over the petitioner's objection [Docs. 70 & 71]. On the same day, the petitioner noted his appeal on the defense of justification issue and his sentence [Doc. 68]. Finding the petitioner's conditional guilty plea invalid, the Fourth Circuit vacated his judgment of conviction and remanded the case to allow the petitioner to decide whether to enter another guilty plea or proceed to trial [Doc. 76]. On remand, the case proceeded to trial on December 19, 2005. The next day, a jury found the petitioner guilty of the crime charged [Doc. 110].

At his April 18, 2006, sentencing, the petitioner was again determined to be an armed career criminal within the meaning of U.S.S.G. § 4B1.4. In explaining this determination, the sentencing court stated as follows:

> The Court finds merit in the defendant's argument that the three (3) convictions docketed as Case 81-283 should count as one felony conviction, rather than three, as they were part of a single criminal episode. *See* **United States v. Presley**, 52 F.3d 64, 69 (4th Cir. 1995) and **United States v. Blackwood**, 913 F.2d 139, 146 (4th Cir. 1990). However, this does not affect the number of violent felonies for which defendant has been convicted for purposes of the [Armed Career Criminal Act ("ACCA")]. Even counting these three convictions as one, defendant has still been convicted of four (4) violent felonies as defined by 18 U.S.C. § 924(e)(2).

> . . .
>
> The Court finds that the offenses for which defendant has been convicted meet the definition of "violent felony" for purposes of the ACCA. . . . [Moreover], there [are] no temporal restriction[s] on prior felonies for purposes of ACCA.

([Doc. 126] at 6-8) (internal quotations omitted).

Based upon that determination, the petitioner's offense level was adjusted from 24 to 33 and his criminal history category was enhanced from II to IV, increasing his Guidelines range from 57 to 71 months to 188 to 235 months. The petitioner was then sentenced to 180 months imprisonment, the mandatory minimum for armed career criminals pursuant to 18 U.S.C. § 924(e). See Doc. 127. The petitioner appealed but did not challenge his armed career criminal status [Doc. 124]. On July 11, 2007, the Fourth Circuit affirmed [Doc. 134].

### B.  Collateral Attack

#### 1.  First and Second Petitions

On May 21, 2008, the petitioner file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "First Petition") [Doc. 136]. In the First Petition, the petitioner argued that the sentencing court improperly applied the armed career criminal enhancement in U.S.S.G. § 4B1.4 because he did not have two predicate offenses. (Id. at 4). The petitioner then petitioned the Fourth Circuit for permission to file a Second or Successive Application for Relief Under 28 U.S.C. § 2255. Without a response from the Fourth Circuit, the petitioner filed another Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Second Petition") on June 9, 2008 [Doc. 141]. By Order dated June 13, 2008 [Doc. 142], the Fourth Circuit denied the petitioner's request for "prefiling authorization" as premature, noting the pendency of the First Petition.

On August 7, 2008, Magistrate Judge Seibert issued an R&R recommending that this Court deny the First Petition [Doc. 150]. In rejecting the petitioner's challenge to his armed career criminal enhancement, the magistrate judge found that the sentencing court's legal conclusions were accurate and that "[t]he petitioner ha[d] not alleged anything further that would disprove the Court's findings." (Id. at 11). On September 11, 2008, this Court adopted the magistrate judge's R&R and denied the First Petition [Doc. 155]. The petitioner appealed [Doc. 156]. On March 23, 2009, the Fourth Circuit affirmed [Doc. 164] after concluding that the petitioner had failed to make a substantial showing of the denial of a constitutional right.

### 2.    Third Petition

On June 27, 2011, the petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Third Petition") [Doc. 169]. In the Third Petition, the petitioner again challenges the sentencing court's application of the armed career criminal enhancement pursuant to U.S.S.G. § 4.B1.4. First, the petitioner argues that one of his prior convictions for burglary should not have been characterized as a violent felony because the offense did not involve a residence. (Id. at 3). Second, the petitioner asserts that his three non-burglary convictions "were separated for sentencing but should have been used as one." (Id. at 4).

After conducting his initial review, Magistrate Judge Seibert issued the instant R&R recommending that this Court deny the Third Petition as an unauthorized successive petition [Doc. 174].  First, the magistrate judge characterized the instant petition as successive because the petitioner's First Petition had been considered and dismissed on its merits.  (Id. at 4-5).  Second, the magistrate judge found that it had no jurisdiction over the instant petition because the petitioner did not obtain authorization from the Fourth Circuit to file a successive petition, as required by § 2255(h).  (Id. at 5).

### III.   Discussion

In his Objections [Doc. 176], timely filed on August 3, 2011, the petitioner does not dispute that his Third Petition is successive as contemplated in 28 U.S.C. § 2255(h).  Instead, the petitioner contends that the magistrate judge should have nevertheless considered his Third Petition on its merits because he "feels that he has presented a very strong case for his innocence to the sentence enhancement."  (Id. at 4).  This Court interprets the petitioner's contention as an argument that his Third Petition should be considered despite its successive nature because he is actually innocent of the armed career criminal sentence enhancement provided in U.S.S.G. § 4B1.4.  However, as explained below, the petitioner's argument must fail.

In the successive § 2255 petition context, Congress has codified the actual innocence exception in 28 U.S.C. § 2255(h)(1), which states that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense

. . ..

See also **Scott v. United States**, 740 F.Supp.2d 1317, 1326 (S.D. Fla. 2010) ("As to the second or successive habeas petitions, however, the AEDPA explicitly altered the applicability of the manifest injustice exception by codifying the exception and raising the threshold for successfully demonstrating actual innocence . . ..")

Here, there can be no dispute that the petitioner has not satisfied section 2255(h)(1) because he has not obtained certification from the Fourth Circuit that newly discovered evidence exists to disprove his status as an armed career offender, i.e., showing that he is actually innocent of the sentencing enhancement. As such, pursuant to section 2244, this Court has no jurisdiction to consider the petitioner's Third Petition. Accordingly, this Court hereby **OVERRULES** the petitioner's Objections and agrees with the magistrate judge that the petitioner's Third Petition is an unauthorized successive petition.[2]

### IV.   Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 174]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Docs. 176]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. §

---

[2]This Court also notes that the petitioner can find no support in the more generally applied actual innocence exception because, as the Fourth Circuit has recently explained, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from *factual innocence of the predicate crimes*, and not from the legal classification of the predicate crimes." **United States v. Pettiford**, 512 F.3d 270, 284 (4th Cir. 2010) (emphasis added). Here, the petitioner's challenges stem purely from the legal classification of his predicate crimes.

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Third Petition") **[Doc. 169]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, because this Court has dismissed the petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" **Rose v. Lee**, 252 F.3d 676, 684 (4th Cir. 2001) (quoting **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)). Upon an independent review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, this Court hereby **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 10, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE